The Full Commission, in their discretion, by order filed on February 11, 1998 reopened the record to receive additional information to determine whether plaintiff's alleged occupational disease was related to her work with the defendant-employer. After the hearing before the Deputy Commissioner, the parties were given sixty days for an independent medical examination and to conduct medical depositions. Dr. George Edwards agreed to review the case but was unable to schedule an appointment for plaintiff during the sixty-day period. The Deputy Commissioner refused to allow defendants' motion for an extension of time for the independent medical examination. On appeal, the Full Commission ordered that the plaintiff submit to an independent medical examination to be performed by Dr. Edwards, and that the depositions of Drs. George Edwards and John Paul Gorecki be taken. The independent medical examination has been completed and the Full Commission has received the depositions. This matter is now ready for a decision.
The appealing party has shown good grounds to reconsider the evidence. Upon much detailed reconsideration of the evidence, the undersigned do not reach the same facts and conclusions as those reached by the Deputy Commissioner and reverse the holding of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Order and at the hearing as:
 STIPULATIONS
1. That the parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employer-employee relationship existed between the defendant employer and the plaintiff employee at all relevant times herein.
3. Aetna Life Casualty Insurance Company was the workers' compensation carrier on risk at the time of this alleged incident.
4. The employee's average weekly wage at the time of the alleged injury was $160.00.
5. Plaintiff has not been paid any temporary total disability, as the claim has been denied.
6. The issues to be determined are:
 a) Whether plaintiff's employment placed her at a greater risk than the general public of developing the occupational disease of carpal tunnel syndrome?
 b) If so, to what benefits is plaintiff entitled to recover?
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of hearing, plaintiff was fifty-three years old. She was employed by defendant-employer as a cafeteria server.
2. Plaintiff's duties included setting up the salad bar with plates of cold food, rolling a dolly of plates from the kitchen to the serving line, placing the plates on racks and serving six or seven different food items at breakfast and lunch. Plaintiff would have to reach to get the plates with one hand while holding and putting the requested food items on the plate with her other hand. Plaintiff either placed the plate on the counter for the customer or passed the plate to another server. Plaintiff's serving times were from 7:00 a.m. to 10:00 a.m. and from 11:30 a.m. to 2:00 p.m. During this time plaintiff had periods of ten to twenty minutes in which no customers were served. Plaintiff served between 50 and 100 people for breakfast, and up to 250 people on game weekends. At lunch she served an average of 140 people.
3. Plaintiff first noticed swelling in her right hand in January 1994. She experienced other problems with her right wrist, hand, arm and shoulder. She told Freeman Walls, her supervisor, of her problems and in April 1994 she sought treatment at the emergency rooms at Duke and UNC Hospital. She was taken out of work by UNC Hospital staff on August 6, 1994.
4. On December 9, 1994, plaintiff was seen and evaluated by Dr. Jacqueline Barclay at a clinic at Duke. Dr. Barclay was in a combined residency and fellowship program for pediatric neurology. At the time she saw plaintiff, Dr. Barclay had treated one or two other carpal tunnel cases and had no experience in orthopedics. Dr. Barclay diagnosed plaintiff's condition as bilateral carpal tunnel syndrome, with the right hand being worse than the left hand.
5. Dr. Barclay gave an opinion that plaintiff's bilateral carpal tunnel syndrome was in part caused by the repetitive motions performed by the plaintiff in her position with defendants. Dr. Barclay also indicated that plaintiff's job placed her at a higher risk than the general public of contracting bilateral carpal tunnel syndrome.
6. Dr. Barclay indicated that plaintiff had not reached maximum medical improvement and that she was not a good candidate for carpal tunnel release due to her diabetes. Plaintiff also suffers from degenerative joint disease, lunar triquetrum coalition, degenerative cystic changes in her wrist and osteoarthritis, and these conditions may have contributed to her development of carpal tunnel syndrome.
7. Dr. Barclay also indicated that plaintiff was unable to return to the same position and would benefit from vocational rehabilitation. At the time she was treated by Dr. Barclay plaintiff had unsuccessfully attempted to find other employment.
8. After the hearing before the Deputy Commissioner, Duke neurosurgeon Dr. John Paul Gorecki performed right carpal tunnel release on plaintiff on August 14, 1996. Dr. Gorecki, who had been practicing at Duke for five years, performed the surgery but had no other involvement in her treatment. He gave an opinion that plaintiff's carpal tunnel syndrome was related to the repetitive motion required by her job.
9. Dr. George Edwards, who conducted the independent medical examination, gave an opinion that plaintiff's carpal tunnel syndrome and resulting disability were not causally related to plaintiff's job. Dr. Edwards based his opinion on the fact that in order for a job to be considered strenous or repetitive enough to cause carpal tunnel syndrome, it must be shown that the flexor tendons are used repetitively at a fairly high rate of speed over a prolonged period of time. In his opinion, simply holding food-serving implements or pushing, pulling or lifting items, as described in plaintiff's job description, do not constitute such repetitive, prolonged activity. Dr. Edwards is a board certified orthopedic surgeon whose practice is limited to the hand and upper extremity. He has specialized in this field of practice since 1984. Due to Dr. Edwards' superior experience in the treatment of the hand and upper extremity, the Full Commission gives greater weight to his expert opinions that to the opinions of Dr. Gorecki and Dr. Barclay, who are relatively inexperienced in this field of expertise.
10. Plaintiff has the burden of proving that she contracted an occupational disease that is characteristic and peculiar to her employment to which she has a greater risk of exposure than the general public.
11. There is insufficient evidence of record from which to prove by its greater weight that plaintiff's carpal tunnel syndrome is causally related to her employment or that her job duties substantially contributed to the development of the disease. There is also insufficient evidence of record from which to prove by its greater weight that plaintiff's carpal tunnel syndrome is an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment with defendant-employer and which excluded all ordinary diseases to which the general public was equally exposed.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff has failed to carry the burden of proof to establish by competent evidence that she contracted an occupational disease which was characteristic of and peculiar to her employment, within the meaning of N.C. Gen. Stat. § 97-53 (13).
2. Plaintiff is, therefore, not entitled to any compensation under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-53(13).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim for workers' compensation benefits must be DENIED.
2. Each side shall bear its own costs.
This the _____ day of June 1998.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ RENÉE C. RIGGSBEE COMMISSIONER
LKM:jth